IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHERYL BASYE, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL NO: 3-12-CV-4098-K |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| | § | |
| *Defendant.* | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Wells Fargo Bank, N.A.'s ("Wells Fargo") Motion to Dismiss Pursuant to Rule 12 (b)(6). (Doc. No. 14). The Court has considered the motion, the parties' briefs, Cheryl Basye's First Amended Complaint and attached exhibits, the materials submitted by the parties and the applicable law. The Court finds that Cheryl Basye (the "Plaintiff") has failed to state a claim upon which relief can be granted as required by Federal Rule of Civil Procedure 12(b)(6). Accordingly, the Court hereby **GRANTS** Wells Fargo's motion (Doc. No. 14) and **DISMISSES** Plaintiff's case with prejudice. Judgment will enter by separate order. Fed. R. Civ. P. 56.

I.     Factual Background

Plaintiff executed a Texas Home Equity Note (the "Note") on December 19, 2007, payable to Wells Fargo for $333,000.00. Plaintiff's obligations under the Note are secured by a Texas Home Equity Security Instrument (the "Deed of Trust") for

the property located at 5841 Gramercy Place, Dallas, Texas 75230 (the "Property"). The Deed of Trust designates Wells Fargo as the Lender with the power of sale of the Property.

Wells Fargo applied under Texas Rule of Civil Procedure 736 for an order allowing foreclosure of the Property. Plaintiff then filed this case, bringing claims for (1) declaratory judgment; (2) suit to quiet title; and (3) trespass to try title. Upon filing of this lawsuit, Wells Fargo's Rule 736 proceeding was automatically abated and dismissed. All three claims stem from the same underlying allegation. Plaintiff alleges that a third party, Wells Fargo Mortgage-Backed Securities 2008-1 Trust (the "Trust") is the real holder of the note and beneficiary of the deed of trust with the power to foreclose. Plaintiff alleges that at some point in 2008, Plaintiff's Note was securitized, and, as a result, Wells Fargo has no valid interest in the Note or Deed of Trust.

## II.   Wells Fargo's Motion to Dismiss

Wells Fargo filed its Motion to Dismiss Pursuant to Rule 12(b)(6). Wells Fargo argues: (1) the objective evidence attached to Plaintiff's Complaint establishes that Wells Fargo originated the loan and is the mortgagee with authority to foreclose; (2) Plaintiff fails to plead facts sufficient to plausibly show Wells Fargo does not have the authority to foreclose; and (3) Plaintiff's own pleadings, taken as true establish that Wells Fargo has the authority to foreclose. Plaintiff argues that because she has pleaded a break in a chain of title, Defendant's motion to dismiss should be denied.

A.   **Legal Standard**

Rule 12(b)(6) requires a plaintiff to plead enough facts to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Supreme Court has explained that the factual allegations must be enough to raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*¸550 U.S. 544, 555 (2007). To meet this burden, a plaintiff must plead enough facts to state a claim to relief that is plausible on its face. *Id.* at 570. Dismissal of a complaint is appropriate where a party fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

When considering a Rule 12 (b)(6) motion, the Court accepts as true all facts pleaded. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, unlike well-pleaded facts, conclusions are not entitled to the presumption of truth. *Id.* The Court takes a two-step approach. First, the Court may choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. *See id.* Second, the Court uses the remaining well-pleaded facts, and assuming their veracity, determines whether those facts plausibly give rise to an entitlement to relief. *Id.* at 678–679. Plausibility does not require facts showing a probability that the plaintiff will prevail. *Twombly*, 550 U.S. at 556.

B.   **Plaintiff's Suit to Quiet Title**

A suit to quiet title is an equitable remedy to clarify ownership by removing clouds on the title (competing claims to ownership). *See Ford v. Exxon Mobil Chem.*

*Co.*, 235 S.W.3d 615, 618 (Tex. 2007).  To establish a claim for suit to quiet title under Texas law, Plaintiff must show:  (1) an interest in specific property; (2) that title to the property is affected by a claim by the defendant; and (3) that the claim, although facially valid, is invalid or unenforceable.  *Sadler v. Duvall*, 815 S.W.2d 285, 293, n.2 (Tex. App.—Texarkana 1991, pet. denied).  A plaintiff must allege a right, title, or ownership in himself with sufficient certainty to enable the court to see that he has a right of ownership and that the alleged adverse claim is a cloud on the title that equity will remove.  *Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App.—Houston [1st Dist.] 2009, pet. denied).  The effect of a suit to quiet title is to declare invalid or ineffective the defendant's claim to title.  *See id.; Bell v. Ott,* 606 S.W.2d 942, 952 (Tex. App.—Waco 1980, no writ) (holding that quiet title enables holder of feeblest equity to remove unlawful hindrance).  Because a suit to quiet title permanently removes an adverse claim, the plaintiff has the burden of ultimately establishing superior equity and right to relief.  *Id.* at 532.

Plaintiff and Defendant agree that Plaintiff owns the Property.  Plaintiff and Defendant agree that Plaintiff executed a Note and Deed of Trust securing the Note, and that Wells Fargo was the lender and mortgagee.  Wells Fargo, in attempting to foreclose, sought to enforce the power of sale clause in the Deed of Trust, which secured Plaintiff's Note held by Wells Fargo.  Plaintiff has not alleged a breach of contract or that Plaintiff was not in default.  Plaintiff has not alleged that the Deed of Trust is invalid or that Plaintiff is entitled to a release under the terms of the Deed of

Trust. In sum, Plaintiff pleads no facts at all to establish any right to relief from the adverse claim—the lien created by the Deed of Trust executed by Plaintiff, providing Wells Fargo the power to foreclose.

Instead, Plaintiff argues that Wells Fargo's claim, though facially valid, is invalid because both Wells Fargo and the Trust claim interest in the Note and Deed of Trust, and that the Trust is the true holder and mortgagee with the right to foreclose. Wells Fargo argues that the only allegations pleaded by Plaintiff are speculation, and not entitled to a presumption of truth under *Iqbal*. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff alleges that Defendant's claim is invalid because the Note was securitized into the Trust in 2008, leaving Wells Fargo with no interest in the Note or Deed of Trust. Whether or not dismissal is appropriate under Rule 12(b)(6) depends in large part on whether Plaintiff has alleged enough well pleaded facts to plausibly suggest that Wells Fargo has no interest in the Note and/or Deed of Trust. *See id.*

Plaintiff rests its allegations that the Note was securitized entirely on a securitization audit. The language in the securitization audit reveals that the allegations pleaded are conclusions, not facts. The auditors "deduce" that Plaintiff's loan "could have been" securitized in the trust. This conclusion is not entitled to a presumption of truth. *See id.*; *See Herrera v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 33592 (S. D. Tex. Mar. 12, 2013). Without this conclusion, Plaintiff has

pleaded no facts to support her theory that Wells Fargo has no remaining interest in the Note or Deed of Trust. With no facts to support Plaintiff's theory that the Note was securitized, Plaintiff has pleaded no facts that plausibly suggest that Wells Fargo's claim is actually invalid and unenforceable. Accordingly, dismissal of Plaintiff's suit to quiet title action is appropriate.

### C. Trespass to Try Title Action

Plaintiff also makes a claim for trespass to try title. Trespass to try title is an action to determine title to lands, tenement, or other real property between competing claims of title. *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004). To prevail in a trespass-to-try-title action, a plaintiff must prove: (1) a regular chain of conveyances from the sovereign; (2) superior title out of a common source; (3) title by limitation; or (4) title by prior possession couple with proof that possession was not abandoned. *See id.* As the options for proving a trespass-to-try-title case show, the purpose of the trespass-to-try-title statute was to provide a remedy for resolving issues of competing claims to title. *See id.* Plaintiff has pleaded no facts that suggest Wells Fargo is currently asserting title to the Property. The parties actually agree, and Plaintiff cites Wells Fargo's admission, that Plaintiff owns the property.

Plaintiff appears to claim that Wells Fargo's attempt to enforce the power of sale is the same as claiming title to the Property for the purposes of a trespass-to-try-title suit. Plaintiff offers no support for this facially incorrect application of the law, and Texas case law for trespass-to-try-title actions shows that an attempt to enforce a

power of sale is not the same as making an adverse claim to title. To prevail on a trespass to try title suit, the plaintiff must recover on the strength of her own title. *Id.* Proving the strength of her own title does not does not resolve the issue between a plaintiff and defendant in a wrongful foreclosure case because the strength of the plaintiff's title does not inferentially negate a lien holder's claim of contractual power to sell the property on default of a note. *See id.* Accordingly, plaintiff fails to state a plausible trespass to try title claim, and plaintiff's claim must, therefore, be dismissed.

    **D.**    **Declaratory Judgment Action**

Texas law, generally, allows a debtor to sue for injunctive and declaratory relief to prevent wrongful foreclosure. *Martin v. New Century Mortgage Co.*, No. 01-11-00792-CV, 2012 Tex. App. LEXIS 4705 at *5 (June 14, 2012). Plaintiff included in her Petition a claim pursuant to the Declaratory Judgment Act. The Declaratory Judgment act is a procedural device that creates no substantive rights, and requires the existence of a justiciable controversy. *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239–41 (1937). While enlarging the range of remedies available in federal court, the Declaratory Judgment Act does not extend federal courts' jurisdiction. *Collin County, Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods, (HAVEN)*, 915 F.2d 167, 170–71 (5th Cir. 1990). To be entitled to relief under the act, a plaintiff must allege a substantial and continuing controversy. *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003). Consequently, declaratory relief is remedial only and does not independently establish a party's cause of action. *Id.* at 170 (citing *Skelly Oil v. Phillips Petroleum Co.*,

339 U.S. 667, 671 (1950)).  It is the underlying cause of action that is actually litigated in a declaratory judgment action.  *Collin County, Tex.*, 915. F.2d at 171.

Plaintiff's only substantive claims related to her suit to quiet title and trespass to try title actions.  Plaintiff's suit to quiet title failed to plausibly suggest a cause of action because Plaintiff had no well pleaded facts showing Wells Fargo's lien on the property to be invalid or unenforceable.  Plaintiff's trespass to try title claim failed because Plaintiff had no well pleaded facts showing Wells Fargo was asserting a competing claim to title.  Because Plaintiff's only substantive claims failed to state a cause of action upon which relief can be granted, Plaintiff has no underlying claim to which she can tether her claim under the Declaratory Judgment Act.  Accordingly, dismissal of Plaintiff's Declaratory Judgment Act claim is also appropriate.

### III. Conclusion

Plaintiff failed to establish a substantive claim upon which Plaintiff is entitled to relief.  Plaintiff's failure is fatal to Plaintiff's Declaratory Judgment Act claim as well.  Wells Fargo's Motion to Dismiss (Dkt. No. 17) is **GRANTED**

**SO ORDERED**

Signed on May 15th, 2013

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE